FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ OCT 08 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------------X

ROBERT FECU,

                                Plaintiff,

            -against-

CITY OF NEW YORK and JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants,

--------------------------------------------------------------------------------X

**COMPLAINT**

Docket No. **10    4615**

<u>Jury Trial Demanded</u>

DEARIE, CH. J.

CARTER, M.J.

      Plaintiff ROBERT FECU, by his attorneys, Leventhal & Klein, LLP, complaining of the

defendants, respectfully alleges as follows:

<b><u>Preliminary Statement</u></b>

      1.      Plaintiff brings this civil rights action for compensatory damages, punitive

damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States.  Plaintiff also asserts supplemental state law claims.

      2.      This action arises from a July 13, 2009 incident in which employees of the New

York City Department of Correction were deliberately indifferent to the serious medical needs of

Robert Fecu, causing plaintiff to attempt suicide and to sustain serious injuries.

<b><u>JURISDICTION</u></b>

      3.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

      4.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

5.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that defendant City of New York is located, and a substantial part of the events

giving rise to the claim arose, within the confines of the Eastern District of New York.

## JURY DEMAND

6.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38 (b).

## PARTIES

7.      Plaintiff ROBERT FECU is a twenty five year old Hispanic man currently

residing in Queens County.

8.      Defendant CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant CITY OF NEW YORK maintains the New York City Department of

Correction (hereinafter referred to as "DOC"), a duly authorized public authority and/or

correction department, authorized to perform all functions of a correction department as per the

applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10.     That at all times hereinafter mentioned, the individually named defendants, JOHN

and JANE DOE 1 through 10, were duly sworn correction officers of said department and were

acting under the supervision of said department and according to their official duties.

11.     That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

York and/or the City of New York.

2

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On or about April 15, 2009, plaintiff, then an inmate under the care, custody and control of defendant City of New York, was admitted to defendant's custody in connection with a pending criminal proceeding.   Plaintiff had a history of mental illness, including bipolar disorder and prior suicide attempts, prior to this admission.

14.     As of plaintiff's initial medical screening on Rikers Island, the defendants were aware of his history of mental illness from their interview of plaintiff and/or from plaintiff's prior incarcerations under the care, custody and control of defendants City.   They knew, among other things, that he had been diagnosed with bipolar disorder, and that the criminal court had ordered a mental health evaluation of plaintiff.

15.     On or about July 13, 2009, in the morning, plaintiff was incarcerated at the Anna M. Kross Center ("AMKC"), located at 18-18 Hazen Street, East Elmhurst, New York 11370. AMKC is one of approximately ten major jails owned, operated and controlled by defendant City of New York located on Rikers Island.

16.     Upon information and belief, plaintiff was in a mental observation unit in AMKC.

17.     As of that date, defendants were on notice that plaintiff was depressed and suicidal based on, among other factors, notifications by plaintiff's mother that plaintiff was depressed and suicidal.

18.     On that date, at approximately 8:30 a.m., plaintiff, was negligently, recklessly, and otherwise unlawfully provided a razor by a New York City Correction Officer,

3

notwithstanding that the City, upon information and belief, through its employees and agents, was aware and otherwise on notice that plaintiff was under mental observation and/or had a history of suicide attempts and/or was suicidal.

19.     The City knew or should have known that the plaintiff should not have been given razor, or otherwise left without supervision during the time that the City's employees knew that plaintiff had the razor in his possession.

20.     As a direct result of the City's illegal conduct, the plaintiff attempted to take his life by cutting his arms on or near the bilateral antecubital fossas with the City's razor blade, causing the plaintiff to require extensive medical treatment, and to suffer severe and permanent injuries, pain, scarring and mental anguish.

21.     This would not have happened but for the wrongful conduct of the City in deliberately and/or negligently disregarding plaintiff's serious medical needs.

22.     All of the above occurred while other employees of defendant City failed to intervene in the illegal conduct described herein.

23.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees.

24.     As a result of the foregoing, plaintiff ROBERT FECU sustained, *inter alia*, serious physical injuries and emotional distress, along with deprivation of his constitutional rights.

4

**Federal Claims**

## AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights Under 42 U.S.C. § 1983)

25.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

26.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

27.     All of the aforementioned acts deprived plaintiff ROBERT FECU of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

28.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

29.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as correction officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and DOC, all under the supervision of ranking officers of said department.

30.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.  As a result of defendants' conduct, plaintiff was injured, and is entitled to damages.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Deliberate Indifference to Serious Medical Needs under 42 U.S.C. § 1983)

31.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "30" with the same force and effect as if fully set forth herein.

32.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that was deliberately indifferent to plaintiff's serious medical needs by disregarding an excessive risk to the plaintiff's health or safety, which is forbidden by the Constitution of the United States.

33.     As a result of defendants' deliberate indifference, plaintiff sustained injuries and is entitled to damages.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Violation of §202 of the Americans with Disabilities Act)

34.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35.     Plaintiff suffers from a mental illness that impels him to suicide - a paradigmatic instance of inability to care for oneself.  Accordingly, plaintiff ROBERT FECU qualifies as a person with an impairment that substantially limits one or more of his major life activities, or in the alternative as an individual with a record of such impairment.  His mental illness therefore constitutes a protected disability under the ADA.

36.     The above-described conduct amounts to discrimination against plaintiff ROBERT FECU that violated §202 of the Americans with Disabilities Act, which provides that "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such

6

entity."

37.     The City of New York, through its DOC, is covered by the provisions of the Americans with Disabilities Act.

38.     Defendant DOC's intentional or otherwise deliberate refusal to accommodate the needs of plaintiff by failing to ensure his safety by either denying him the use of a razor, or otherwise closely supervising plaintiff while in possession of a razor, in light of their knowledge of his mental illness and suicidal threats and history, violated the American with Disabilities Act of 1990.

39.     Instead of accommodating plaintiff's needs, DOC denied him services and programs available to others that could have protected him from the injuries inflicted on him. The failure to accommodate plaintiff's disability was intentional and/or deliberately indifferent to plaintiff's rights under Title II of the ADA and was the proximate cause of his injuries.

40.     Specifically, plaintiff could have benefitted from monitoring by prison staff and/or peers.  The defendants provided no supervision of plaintiff whatsoever once they gave him a potentially deadly instrument.

41.     As a consequence of defendant's discriminatory treatment and lack of accommodation, plaintiff suffered a lack of access to appropriate supervision, thereby causing plaintiff to sustain serious injuries.  Plaintiff is thus entitled to damages.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of §504 of the Rehabilitation Act)

42.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     To the extent plaintiff suffers from a mental illness that impels him to suicide - a

7

paradigmatic instance of inability to care for oneself - plaintiff ROBERT FECU qualifies as a person with an impairment that substantially limits one or more of his major life activities, or in the alternative as an individual with a record of such impairment. Fecu's disability therefore constitutes a protected disability under the Rehabilitation Act.

44.     Plaintiff's impairment required close monitoring by prison staff and/or peers.

45.     Defendant's intentional refusal to accommodate the needs of plaintiff by failing to accommodate his mental health deficits and providing him with a deadly instrument without any supervision was tantamount to a denial of services and programs available to others that could have protected him from harming himself. The failure to accommodate Fecu's disabilities was intentional and/or deliberately indifferent to his rights under § 504 and bore a causal link to his attempted suicide.

46.     As a consequence of Defendant's discriminatory treatment and lack of accommodation, plaintiff sustained injuries and is entitled to damages.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

47.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     The defendants' conduct was tantamount to discrimination against plaintiff based on his disability. Other inmates under the care, custody and control of the City, who may be a danger to themselves or others, are presumably not permitted to possess deadly instruments, or at the least they should not be permitted to use them without proper supervision. This disparate treatment caused plaintiff to inflict injury upon person.

49.     As a result of the foregoing, plaintiff was deprived of his rights under the Equal

8

Protection Clause of the United States Constitution and is thereby entitled to damages.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

50.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees to prevent inmates who are suicidal or who have suicidal tendencies from harming themselves.

52.     As a result of this violation, plaintiff was injured and is entitled to damages.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

53.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

55.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to failure of the City through its DOC to prevent mentally ill inmates from committing or attempting to commit suicide. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ROBERT FECU'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its

officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

56.     The aforementioned incident is not an isolated occurrence.  The defendants were aware prior to the incident that its supervision of inmates with suicidal histories or tendencies was inadequate.

57.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ROBERT FECU.

58.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ROBERT FECU as alleged herein.

59.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and DOC were the moving force behind the constitutional and statutory violations suffered by plaintiff ROBERT FECU as alleged herein.

60.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and DOC, plaintiff ROBERT FECU was impelled to harm himself.

61.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ROBERT FECU'S constitutional rights.

62.     All of the foregoing acts by defendants deprived plaintiff ROBERT FECU of federally protected rights, including, but not limited to, the right:

        A.     To be free from deliberate indifference to his serious medical needs;

10

B.      To be free from violation of the ADA;

C.      To be free from violation of the Rehabilitation Act;

d.      To receive equal protection of the law;

C.      To be free from the failure to intervene;

D.      To be free from supervisory and/or municipal liability;

63.     As a result of the foregoing, plaintiff ROBERT FECU is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

64.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

66.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

67.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

68.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

69.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

70.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants whose failure to properly and/or adequately supervise ROBERT FECU led to his attempt on his life.

72.     Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

73.     As a result of the City's negligence, plaintiff was injured and is entitled to damages.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

74.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who facilitated plaintiff's retention of a razor that he was able to use to injure himself.

76.     As a result of the City's negligence, plaintiff was injured and is entitled to damages.

12

### AS AND FOR A TENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

77.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

79.     As a result of the City's negligence, plaintiff was injured and is entitled to damages.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

80.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     As a result of defendants' conduct, plaintiff was deprived of his right to equal protection of laws guaranteed by the New York State Constitution.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

82.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.     Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

84.     As a result of the foregoing, plaintiff ROBERT FECU was injured and is entitled

13

to damages.

**WHEREFORE**, plaintiff ROBERT FECU demands judgment and prays for the following relief, jointly and severally, against the defendants:

    (A)    full and fair compensatory damages in an amount to be determined by a jury;

    (B)    punitive damages in an amount to be determined by a jury;

    (C)    reasonable attorney's fees and the costs and disbursements of this action; and

    (D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
      October 7, 2010

                    LEVENTHAL & KLEIN, LLP
                    45 Main Street, Suite 230
                    Brooklyn, New York 11201
                    (718) 722-4100

                    By:    _____
                        BRETT H. KLEIN (BK4744)

                    Attorneys for Plaintiff ROBERT FECU